THE STATE OF OHIO, APPELLEE, *v.* BRADLEY, APPELLANT.

(No. 856—Decided February 24, 1971.)

*Mr. Everett Burton,* prosecuting attorney, for appellee.

*Messrs. Bannon, Howland, McCurdy & Dever,* for appellant.

GRAY, P. J.  This cause is in this court on appeal from a judgment upon a verdict of a jury finding defendant guilty of illegal possession of narcotics.  Defendant, feeling aggrieved by this result of his trial, filed his notice of appeal and assigned the following errors.

"FIRST ASSIGNMENT OF ERROR: The trial court erred in overruling defendant's motion to suppress physical evidence and statements given by defendant, and in allowing the introduction of the same at the trial of this cause.

"SECOND ASSIGNMENT OF ERROR: The trial court erred in allowing the introduction of the physical evidence of

marijuana into evidence over the objection of the defendant, since the same was the product of an illegal search and seizure in violation of defendant's constitutional rights.

"THIRD ASSIGNMENT OF ERROR: The trial court erred in allowing the introduction of defendant's statement given after a request for counsel had been made both by him and in his behalf.

"FOURTH ASSIGNMENT OF ERROR: The trial court erred in not directing the jury to return a verdict of not guilty in this case for the failure on the State's part to show an essential element of the alleged crime, to wit: Guilty knowledge."

We will consider the first two assignments of error together. We do not believe them to be well taken. Quite frankly, we do not believe that defendant has cited us any law that prevents a search of an automobile that is immediately preceded by a lawful arrest of the operator.

On April 5, 1969, defendant stopped his automobile at the post office at Haver Hill, Scioto County. At that time and place, he was arrested on a valid warrant from Lawrence County, Ohio. The car was searched and, in the process, a suitcase on the back seat of the car was opened. In it were found three packets of marijuana.

A motion to suppress the introduction of this evidence was made before the trial and overruled.

Defendant claims that the search of the car in this instance violated his constitutional rights and cites both federal and state cases to support his position. We know of no case and have not been directed to any, where a search of an automobile as an incident to a lawful arrest violates any provision of either the state or federal constitution.

In this connection we wish to cite the case of *Adams* v. *United States* (D. C. Cir.), 336 F. 2d 752, 753, wherein the court said: "But as far as we are aware, no court has yet held that a car, including its trunk, may not be searched without warrant at the time and place its occupants are placed under lawful arrest. We are not persuaded that we should be the first court to do so."

It has been suggested in the separate concurring opinion that there was no valid search of the automobile as an incident to the arrest. We wish to cite an old United States Supreme Court case, *Carroll* v. *U. S.* (1924), 267 U. S. 132, 45 S. Ct. 280, wherein Chief Justice Taft, speaking for the court, said:

"We have made a somewhat extended reference to these statutes to show that the guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the government, as recognizing a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought."

This holding has been cited with approval in *Chimel* v. *California* (1969), 395 U. S. 752, 89 S. Ct. 2034.

We wish to comment on another facet of this case. The officer in the present case, however, might reasonably have believed that he was confronted with an emergency in which the delay necessary to obtain a warrant under the circumstances threatened the destruction of the evidence. *Preston* v. *U. S.*, 376 U. S. 364, 367, 11 L. Ed. 2d 777, 780, 84 S. Ct. 881.

Given these special facts, we conclude that the search and seizure of the automobile of defendant and the discovery of contraband material was an appropriate incident of defendant's arrest. *Schmerber* v. *California*, 384 U. S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826.

There was a valid search of the automobile of defendant as an incident of his arrest.

This court is of the same philosophy. This being so, we are of the opinion that the first two assignments of error are without merit.

We now address ourselves to the third assignment of error. We are at a loss to understand what prejudice re-

sulted to the defendant due to the fact that he carried on a conversation with the officers. It is not every error that becomes a prejudicial error. To put it succinctly, only prejudicial errors count. Nothing has been advanced by defendant to show his right to a fair trial was prejudiced. The mere fact that defendant tried to find his attorney and could not, and talked to the officers in the absence of an attorney, does not in and of itself create prejudicial error. Defendant is the one in error when he claims that the officers conducted an illegal search and it might be that he is contending that if his attorney had been present the search would not have occurred. We can not find where any incriminating evidence was secured from defendant by the officers as a result of this conversation. Since the search of the car was proper, what protection would the presence of an attorney provide? The question answers itself. This assignment of error is overruled.

Defendant now claims in Assignment of Error No. 4, that he did not have guilty knowledge concerning the crime. Neither defendant nor his wife testified on the merits of the case, hence the ownership of the suitcase on the back seat of the car was not developed. However, there have been many cases involving this type of situation.

It is well established that the possession of an item can exist without physical contact so long as a person has dominion and control over it. *United States* v. *Cox* (2d Cir.), 277 F. 2d 302. Such dominion and control without physical custody has been termed "constructive," as opposed to actual, possession.

The question presented, whether defendant had guilty knowledge or not, is generally not susceptible to direct proof but must be determined through inferences drawn from facts and circumstances attending the act, and one may be presumed to intend the necessary and natural consequences of his acts. Therefore, the intent required to be proven as an element of the crime is inferred from the defendant's voluntary commission of the act forbidden by law, or from his omission of the duty required by law, and it is not necessary to establish that defendant knew that his act or omission was a violation of the law.

The State of Ohio, which was the prevailing party in this criminal proceeding, was entitled to all of the favorable inferences as might be reasonably drawn from facts proven.

The fact that neither defendant nor his wife testified as to the ownership of the suitcase found in their car does not preclude proof that defendant had knowledge that the suitcase contained three packets of marijuana and that it is illegal to possess such drug in the State of Ohio.

In recapitulation, the following can be said. There was a lawful arrest of defendant. There was a lawful search of the car driven by defendant. Marijuana was found in a suitcase on the back seat of that car. The suitcase and the contents were under the control of defendant. There was no claim made by defendant that the suitcase was not his and that it was not under his control. The record does not show that he did not know that the suitcase was on the back seat of the car, and he did not know what the contents of the suitcase were.

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

ABELE, J., concurs.

STEPHENSON, J., concurring. I concur in the judgment and in the opinion except as to that part in which the majority finds that a valid search of the automobile occurred as an incident to the arrest.

The right to search an automobile without a search warrant as an incident of a valid arrest, or the right to search an automobile upon probable cause without first arresting one of its occupants, has been so repeatedly recognized by the United States Supreme Court and other courts in this country that a citation of authorities is unnecessary.

These rules, however, are subject to the salutary limitation that exceptions to the requirement of a search warrant may not be used as a pretext to search for evidence unrelated to the offense for which the arrest is made.

This limitation is well stated in *Taglavore* v. *United*

*States* (9 Cir.), 291 F. 2d 262, which reads as follows at page 265:

"However, there is one fixed and essential prerequisite to all of these searches: in each case there must be a valid, bona-fide arrest to which the search is merely incident. Where the arrest is only a sham or a front being used as an excuse for making a search, the arrest itself and the ensuing search are illegal. *Worthington* v. *United States* (6 Cir., 1948), 166 F. 2d 557; *Henderson* v. *United States* (4 Cir., 1926), 12 F. 2d 528, 51 A. L. R. 420. 'An arrest may not be used as a pretext to search for evidence.' *United States* v. *Lefkowitz* (1932), 285 U. S. 452, 467, 52 S. Ct. 420, 424, 76 L. Ed. 877. To put it in other words, the *search* must be incident to the *arrest*, and not vice versa."

The arrest in this case was upon warrants for leaving the scene of an accident and assault with a motor vehicle. As to the right to search after a traffic arrest, see *State* v. *Call*, 8 Ohio App. 2d 277. With respect to why the search was conducted, the following testimony is pertinent. Sheriff Howell testified as follows:

"Q. You were there to serve him on the warrants you had, weren't you?

"A. That's what we done, too.

"Q. But you weren't looking for anything in regard to those charges, were you?

"A. Not until after we had him under arrest, no sir.

"Q. *Even after you had him under arrest were you looking for anything in respect to the charges out of Lawrence County?*

"A. *No, I had good belief.*

"Q. *Not what you had good belief about. Were you hunting for anything relative to those charges?*

"A. *No.*" (Emphasis added.)

He further testified as follows:

"A. Mr. Bradley stood behind the car till Mr. Hood arrived.

"Q. And then the papers were served on him?

"A. Yes.

"Q. And then the search was made?

"A. I asked him if he had marijuana."

Mary Dustin Bradley, wife of the accused, and in the automobile at the time of the arrest, testified as follows.

"The Witness: After he had been stopped and he was already out of the car, you know, and everything, I don't know if it was before they started looking or not, I don't remember, but Mr. Howe said something about dope and I said, what do you mean, dope, and he said he was looking, I think at that time when he said it, I can't tell you exactly, I didn't know what he was talking about but that's the only time, I think, that's when he was searching, I believe, I couldn't swear to it."

In *Barnes* v. *State*, 25 Wis. 2d 116, 130 N. W. 2d 264, wherein a search had followed an arrest for a traffic violation, the Supreme Court of Wisconsin in invalidating the search noted the following at pages 126 and 127.

"While defendant conceded the lawfulness of the arrest, we deem it advisable to add the observation that the type of search here conducted raises a strong suspicion that the original arrest for the minor traffic offense committed was but a pretext to search defendant for narcotics. Cf. *Taglavore* v. *United States* (9th Cir. 1961), 291 F. 2d 262, 265. As the United States Supreme Court declared in *United States* v. *Lefkowitz* (1932), 285 U. S. 452, 467, 52 S. Ct. 420, 424, 76 L. Ed. 877. 'An arrest may not be used as a pretext to search for evidence.' "

In our case there is no suspicion that the search was for something unconnected with the arrest, for from the testimony above quoted, the searching officer candidly admits the search was for "dope," the seed of a crime unconnected with the traffic offenses.

The *Taglavore* decision has been cited in a long line of decisions including *Lane* v. *Commonwealth* (Ky.), 386 S. W. 2d 743; *United States* v. *Harris* (6 Cir.), 321 F. 2d 739; *United States* v. *One 1963 Cadillac Hardtop* (E. D. Wis.), 224 F. Supp. 210.

The "good belief" that the searching officer had, and which, undoubtedly, was the real basis for the arrest and search was not further amplified in the record. Hence,

there could not be a valid search of the motor vehicle on the probable cause exception without reference to the arrest, absent a showing the "good belief" was in fact probable cause to search. The state also relied upon the ground that defendant consented to the search. Testimony was given, and controverted, that both the accused and his wife consented. Some hours after the arrest, the accused gave a written statement wherein he stated in part the following: "I give the officers permission to search my car because I did not know marijuana was considered dope."

In this respect, it has been held to be voluntary consent where a person permits a search in the mistaken belief nothing incriminating will show up. See *U. S.* v. *Dornblut*, 261 F. 2d 949; *U. S.* v. *DeVino*, 190 F. Supp. 483.

The burden was on the state to establish consent. The evidence was conflicting. I assume the trial court properly followed the law and overruled the motion on consent since the search incidental to arrest was clearly invalid. The trial court had the opportunity to observe the witnesses and weigh their credibility. There being evidence to support the trial court's decision, I cannot say error intervened in this respect and concur in overruling the first and second assignments of error.