JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, James Hayes, argues the trial court erred in classifying him as a sexual predator pursuant to R.C. 2950.09(C). We agree.
 {¶ 2} In June 2003, defendant pled guilty to one count of attempted rape, in violation of R.C. 2923.02 and 2907.02 and one count of kidnapping with a sexual motivation specification in violation of R.C. 2905.01. Defendant was sentenced to five years with three years suspended on the attempted rape conviction. He received a term of seven years with two years suspended on the kidnapping conviction. The two sentences were to run concurrently. The trial court also imposed five years of community control sanctions after defendant is released from prison.
 {¶ 3} At the conclusion of a hearing on August 28, 2003, the trial court found defendant to be a sexual predator pursuant to R.C. 2950.01(E). It is from this order that defendant appeals. In his first assignment of error, defendant states:
{¶ 4} The evidence is insufficient as a matter of law to proveby clear and convincing evidence that appellant is likely toengage in the future in one or more sexually oriented offenses.
 {¶ 5} Defendant argues the state did not meet its burden of proving by clear and convincing evidence that he would be likely in the future to commit one or more sexually oriented offenses.
 {¶ 6} In order to be classified as a sexual predator, a defendant must have been convicted of or pled guilty to committing a sexually oriented offense. The state then "must prove by clear and convincing evidence that the offender is `likely to engage in the future in one or more sexually oriented offenses.'" State v. Namestnik, Cuyahoga App. No. 82228, 2003-Ohio-4656, at ¶ 7, quoting State v. Eppinger,91 Ohio St.3d 158, 163, 743 N.E.2d 881, 2001-Ohio-247, citing R.C.2950.01(E)and 2950.09(B)(3).
 {¶ 7} Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
 {¶ 8} Id., at ¶ 8, citing Cross v. Ledford (1954),161 Ohio St. 469, 477, 120 N.E.2d 118, 123.
 {¶ 9} Before making a determination on whether a defendant is a sexual predator, the trial court must consider certain factors set forth in R.C. 2950.09(B)(3). Those factors include the following:
 {¶ 10} The offender's age;
 {¶ 11} The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 12} The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 13} Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 14} Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 15} If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 16} Any mental illness or mental disability of the offender;
 {¶ 17} The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 18} Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 19} Any additional behavioral characteristics that contribute to the offender's conduct.
 {¶ 20} R.C. 2950.09(B)(3).
 {¶ 21} In its consideration of the statutory factors, the trial court should state on the record which factors it considers pertinent in each case and in making its determination that the defendant is likely to commit sexually oriented offenses in the future. Namestnik, supra, citing State v. Grahek, Cuyahoga App. No. 81443, 2003-Ohio-2650. On appeal, this court must decide whether the record supports, by clear and convincing evidence, the trial court's determination that a defendant should be classified as a sexual predator. Id.
 {¶ 22} The trial court considered six of the ten factors listed in R.C. 2950.09(B)(3). The court reviewed defendant's presentence report, the facts of the case, and the results of his Static 99[1] test, on which he scored "2," placing him in the "medium-low" risk category. The court selected the following facts corresponding to statutory factors: defendant has a history of alcohol abuse, including alcoholic blackouts; he has never sought or participated in any professionally sponsored chemical dependency treatment; before attempting to rape the victim and kidnapping her, defendant had consumed eight beers; defendant said the victim was drunk when he met her and he purchased more alcohol to impair the victim's ability to resist; the victim, who was 70, was a stranger; and the crime was violent (there were photographs of the victim's broken eyeglasses and a broken wristwatch, and the victim had a cut on her face and on the top of her head as well as bruises on her arms, legs, and back). The court further noted that defendant had been married for 27 years but that he was having marital problems because of his drinking. On the day of the hearing, the court noted that defendant's wife and family had left him and moved out of state.
 {¶ 23} On the record before this court, we do not dispute the ugly and violent nature of defendant's crime. We are not persuaded, however, that the facts considered by the court amount to clear and convincing evidence that defendant is more likely than not to sexually reoffend in the future. Defendant has a history of alcohol abuse. However, there is nothing in the record establishing defendant's proclivity to violence or committing sexual offenses when he has been drinking.
 {¶ 24} Though the facts surrounding a defendant's attack on a victim "may show a possibility of re-offending," those facts nonetheless do not constitute clear and convincing evidence that defendant is likely to engage in such conduct again sometime in the future. State v. Elie, Cuyahoga App. No. 83169, 2004-Ohio-3127, 2004 Ohio App. LEXIS 2813, at *14. Accordingly, we conclude the trial court erred in finding that defendant was likely to commit sexually oriented offenses. We therefore vacate the trial court classifying defendant as a sexual predator. Defendant's first assignment of error is sustained.
{¶ 25} II. The trial court erred in imposing both a prisonterm and a suspended sentence in violation of the ohio revisedcode.
 {¶ 26} In his second assignment of error, defendant argues the trial court erred in imposing a partially suspended sentence and community control sanctions at the same time. We agree.
 {¶ 27} When a court imposes community control sanctions, the sanctions are directly imposed on the defendant and do not follow as a consequence of a suspended prison sentence. R.C. 2929.15(A). Since 1996, trial courts need to decide which sentence is most appropriate — prison or community control sanctions — and impose whichever option is deemed to be necessary.
 {¶ 28} State v. Vlad, 153 Ohio App.3d 74, 2003-Ohio-2930,790 N.E.2d 124, at ¶ 16. Because the state concedes the merits of this assignment of error, we do not address it other than to sustain it and remand the case to the trial court for re-sentencing.
 {¶ 29} The sexual predator classification and the sentence are vacated, and the case is remanded for re-sentencing.
Judgment accordingly.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Celebrezze, JR., J., concur.
[1] Static 99 is a testing instrument used by social workers. It is used to assess a person's inclination to repeat prior behaviors.