JOURNAL ENTRY AND OPINION
{¶ 1} Sylance Street appeals the jury's verdict declaring him guilty of possession of drugs. Street argues that the jury verdict is against the manifest weight of the evidence and that he is entitled to a new trial due to ineffective assistance of counsel. For the following reasons, we affirm Street's conviction.
 {¶ 2} This case arises from several complaints of drug and prostitution activity taking place at 3137 W. 84Sth Street, Cleveland, Ohio. In response to the complaints, police set up surveillance and monitored the house. During the course of the investigation, police learned that Street inhabited the downstairs portion of the home.
 {¶ 3} Police obtained a search warrant for both the upstairs and downstairs units, and on March 31, 2004, carried out the warrant. During the execution of the search, police officers arrested Street as he exited the house through the back door. The officers also arrested eight other individuals and confiscated drugs and drug paraphernalia in both the upstairs and downstairs units of the home. In the downstairs unit of the home, officers recovered crack pipes with residue (state's exhibits four, five, and seven); a spoon with cocaine residue (state's exhibit six); and another crack pipe and a razor blade (state's exhibit eight). All items tested positive for cocaine residue except the razor blade, which had an insufficient amount of residue for testing. Officers also recovered personal papers and mail addressed to Street at the downstairs portion of the house. Street was the only person in the downstairs unit of the home at the time of the arrests. Furthermore, Street admitted to the arresting officers that he uses crack cocaine as a way to deal with chronic unemployment.
 {¶ 4} The Cuyahoga County Grand Jury indicted Street with one count of possession of drugs in violation of R.C. 2925.11. The case proceeded to trial and the jury returned a verdict of guilty to possession of drugs as charged in the indictment. The trial court then sentenced Street to eleven months of incarceration at the Lorain Correctional Institution. The court suspended five months of that sentence and placed Street on five years of community control sanctions with conditions. Street appeals raising the two assignments of error contained in the appendix to this opinion.
 {¶ 5} In his first assignment of error, Street argues that his conviction for possession of drugs must be reversed as it is against the manifest weight of the evidence. This assignment lacks merit.
 {¶ 6} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror. The court places judgment on proceedings that it finds to be flawed either through misrepresentation or misapplication of the evidence by the trier of fact that has "lost its way." State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. As the Supreme Court of Ohio has declared:
"Weight of the evidence concerns `the inclination of the greater amountof credible evidence offered in a trial, to support one side of the issuerather than the other. It indicates clearly to the jury that the partyhaving the burden of proof will be entitled to their verdict, if, onweighing the evidence in their minds, they shall find the greater amountof credible evidence sustains the issue which is to be established beforethem. Weight is not a question of mathematics, but depends on its effectin inducing belief'. . . .
 {¶ 7} The court, reviewing the entire record, weighs the evidence andall reasonable inferences, considers the credibility of witnesses anddetermines whether in resolving conflicts in the evidence, the juryclearly lost its way and created such a manifest miscarriage of justicethat the conviction must be reversed and a new trial ordered. Thediscretionary power to grant a new trial should be exercised only in theexceptional case in which the evidence weighs heavily against theconviction." Id. at 387.
 {¶ 8} A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v. Eley
(1978), 56 Ohio St.2d 169, syllabus. Additionally, circumstantial evidence and direct evidence inherently possess the same probative value and, therefore, should be subjected to the same standard. State v. Jenks
(1991), 61 Ohio St.3d 259 at syllabus.
 {¶ 9} Street was charged and convicted of a violation of R.C. 2925.11, which provides that "no person shall knowingly obtain, possess or use a controlled substance." Possession is defined by R.C. 2925.01(K) as:
"Having control over a thing or substance but may not be inferredsolely from mere access to the thing or substance through ownership oroccupation of the premises upon which the thing or substance is found."
 {¶ 10} "Possession may be actual or constructive." State v. Kobi
(1997), 122 Ohio App.3d 160, 174. A person has constructive possession of a thing or substance when he is able to exercise dominion or control over it. State v. Bradley (1971), 26 Ohio App.2d 229, 232. Ownership of the contraband does not need to be established.
 {¶ 11} In this case, the state did not present evidence of actual possession. However, the following facts permit reasonable minds to conclude that Street constructively possessed the drugs: Street inhabited the downstairs portion of the searched premises; Street was the only person inside said portion at the time of the search; police found drug paraphernalia inside the downstairs unit of the house; and, at the time of his arrest, Street admitted to police officers that he smoked crack cocaine. Accordingly, Street's conviction for possession of drugs is not against the manifest weight of the evidence.
 {¶ 12} In his second assignment of error, Street argues that he is entitled to a new trial because of ineffective assistance of counsel. This assignment lacks merit.
 {¶ 13} A claim of ineffective assistance of counsel places the burden on the defendant to establish that counsel's performance fell below an objective standard of reasonable representation and prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668. To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." State v. Madrigal, 87 Ohio St. 3d 378, 388-389,2000-Ohio-448.
 {¶ 14} In evaluating whether a petitioner has been denied effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, * * * * had a fair trial and substantial justice was done." State v. Hester (1976),45 Ohio St. 2d 71, 79. When making that evaluation, a court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle
(1976), 48 Ohio St.2d 391, vacated on other grounds (1978) 438 U.S. 910;State v. Calhoun, 86 Ohio St. 3d 279, 289, 1999-Ohio-102.
 {¶ 15} As to the second element of the test, the defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."State v. Bradley (1989), 42 Ohio St.3d 136; Strickland, at 686. The failure to prove any one prong of the Strickland two-part test makes it unnecessary for a court to consider the other prong. Madrigal, at 389, citing Strickland at 697.
 {¶ 16} Street argues that his trial counsel was ineffective for failing to make unspecified objections, for failing to move for an independent drug and fingerprint analysis of the paraphernalia, for failing to question state's witnesses as to the number of people who were in and out of the house on the date of his arrest, failing to question state's witnesses about a prior search of the residence, for failing to renew his motion for acquittal, and for failing to provide jury instructions as to an unspecified issue.
 {¶ 17} None of Street's arguments are sufficient to prove ineffective assistance of counsel. Street's arguments that trial counsel was ineffective for failing to object, as well as failing to provide jury instructions, are vague and unspecified and, as such, do not satisfy either prong of the Strickland test.
 {¶ 18} Street's arguments concerning his trial counsel's failure to question the state's witnesses are also insufficient. The trial transcript contains information about the number of people in and out of the house as well as the prior search of the residence and therefore, Street has failed to demonstrate how the outcome of his trial would have been different.
 {¶ 19} Furthermore, Street is misplaced in his argument that his counsel was ineffective for failing to renew his motion for acquittal at the end of the evidence. Street provides no case law and no support for why the outcome of his trial would have been different if trial counsel had renewed the motion. On the contrary, the trial court previously denied the motion for acquittal and this court has already held that Street's conviction was not against the manifest weight of the evidence.
 {¶ 20} Finally, as to counsel's failure to move for independent drug and fingerprint analysis, Street, once again, fails to provide this court with any legal support that such failure constitutes ineffective assistance of counsel and that, had such motions been made, the outcome of his trial would have been different. On the contrary, all evidence obtained from the downstairs unit tested positive for cocaine. Additionally, Street does not argue that had a fingerprint analysis been performed, his fingerprints would not have been on the drug paraphernalia. Street ignores his statement to police that he smokes crack cocaine as a way to deal with chronic unemployment. Therefore, it is not deficient for trial counsel to fail to move for fingerprint analysis, as it is more likely than not that Street's fingerprints would have been on the seized drug paraphernalia.
 {¶ 21} For the abovementioned reasons, this court affirms the defendant's conviction for possession of drugs.
Appendix A: Assignments of Error
 "I. Whether the conviction for possession of drugs must be reversed asagainst the manifest weight of the evidence.
 II. Whether the appellant is entitled to a new trial due to ineffectiveassistance of counsel."
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Rocco, J., concur.