ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Justin Krowiak, appeals his sentence following his guilty plea to trafficking in marijuana in violation of R.C. 2925.03, a third degree felony. He and his brother were sentenced in the same hearing for selling marijuana out of their home.
 {¶ 2} Because the trial court refused to accept a negotiated sentence, defendant agreed to plead in exchange for a recommended sentence of two years in prison. The court proceeded to sentence defendant to four years in prison with two years suspended, followed by five years of community control sanctions, as well as a suspension of his driver's license until 2009. In this delayed appeal, defendant states five assignments of error. Because the fifth assignment of error is dispositive, we will address it first:
"V. The trial court erred in imposing both a prison term and community control sanctions for a single offense.
 {¶ 3} The judgment entry stated in pertinent part:
The court imposes a prison sentence at the Lorain CorrectionalInstitution of 4 year(s) with 2 years suspended.
* * *
After defendant serves 2 years at Lorain Correctional Institution.Defendant placed on 5 years community control.
The court finds that community control sanction will adequately protect the public and will not demean the seriousness of the offense. it is therefore ordered that the defendant is sentenced to 5 year(s) of community control, under the supervision of the adult probation department with the following conditions: defendant to abide by the rules and regulations of the probation department.
Driver's license suspended until 9/30/2009.
Defendant to be brought back to jail for instruction on communitycontrol.
Violation of the terms and conditions may result in more restrictive sanctions as approved by law.
Defendant is ordered to pay a supervision fee in the sum of $200.00. (Bold added; caps in original.)"
 {¶ 4} The state concedes that the trial court erred in imposing both a prison sentence and community control sanctions for one offense. This court has previously held that the sentencing statute does not allow a trial court to impose both a prison sentence and community control sanctions for the same offense. State v. Hayes, Cuyahoga App. No. 83515, 2004-Ohio-4491, ¶¶ 26-28. As the Seventh Appellate District explained:
"It is clear that Appellant's assignment of error has merit. The trial court imposed both a prison term and community control sanctions at the same time, which do not comport with the current felony sentencing statutes. Baker, supra, 152 Ohio App.3d 138, at ¶ 12. When a court imposes community control sanctions, the sanctions are directly imposed on the defendant and do not follow as a consequence of a suspended prison sentence. R.C. 2929.15(A). Since 1996, trial courts need to decide which sentence is most appropriate — prison or community control sanctions — and impose whichever option is deemed to be necessary."
State v. Vlad, 153 Ohio App.3d 74, ¶ 16, 2003-Ohio-2930.
 {¶ 5} The state requests that we omit the community control sanctions and impose the entire four-year sentence on defendant. This we decline to do. As in our previous decision in Hayes, we vacate the sentence and remand for resentencing. Upon remand, the court shall impose either community control sanctions or a prison sentence.
 {¶ 6} In light of the disposition of the above, defendant's remaining assignments of error are moot.[1]
Judgment accordingly.
This cause is vacated and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., And Gallagher, J., Concur.
[1] I. THE TRIAL COURT ERRED IN IMPOSING A TERM OF INCARCERATION WHERE COMMUNITY CONTROL SANCTIONS WOULD ADEQUATELY PUNISH APPELLANT AND PROTECT THE PUBLIC FROM FUTURE HARM BY APPELLANT AND OTHERS.
II. THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE IN EXCESS OF THE MINIMUM TERM AUTHORIZED FOR THE OFFENSE FOR WHICH THE APPELLANT WAS FOUND GUILTY PURSUANT TO O.R.C. § 2929.14(B).
III. THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE IN EXCESS OF THE MINIMUM TERM AUTHORIZED FOR THE OFFENSE FOR WHICH APPELLANT WAS FOUND GUILTY SINCE APPELLANT DID NOT ADMIT TO SERVING A PRIOR TERM OF INCARCERATION AND THAT FACT WAS NEVER FOUND BEYOND A REASONABLE DOUBT TO A JURY.
IV. THE TRIAL COURT ERRED BY FAILING TO MAKE A FINDING ON THE RECORD THAT APPELLANT'S SENTENCE WAS CONSISTENT WITH SIMILARLY SITUATED OFFENDERS.