JOURNAL ENTRY AND OPINION
{¶ 1} On August 8, 2005, the applicant, Sylance Street, pursuant to App.R. 26(B), timely applied to reopen this court's judgment in State of Ohio v. Sylance Street, Cuyahoga App. No. 85020, 2005-Ohio-1976, in which this court affirmed his conviction for possession of drugs. On August 17, 2005, the State of Ohio filed its memorandum in opposition. For the following reasons, this court grants the application to reopen.
 {¶ 2} After the jury convicted Street, the trial judge sentenced him to eleven months in prison. She suspended five months and then order that after serving six months of the sentence he would be placed on community control for five years. She also imposed a $2,500.00 fine and a supervision fee of $200.00.
 {¶ 3} In his application Street argues that the sentence was improper, and thus, his appellate counsel was ineffective for not raising this issue. He submits that under Ohio's current sentencing scheme, split sentences, under which the convict serves prison time and then is placed on community control, are no longer permissible. State v. Vlad, 153 Ohio App.3d 74,2004-Ohio-2930; State v. Krowiak Cuyahoga App. No. 85499,2005-Ohio-3391; and State v. Hayes, Cuyahoga App. NO. 83515,2004-Ohio-4491. Street also argues that the fine was improper because the trial court had declared Street indigent and did not further examine his ability to pay under R.C. 2929.19(B)(6). Street also maintains that his appellate counsel should have argued that his trial counsel was ineffective for failing to make timely and relevant objections.
 {¶ 4} The state counters that the application is fatally defective because Street did not provide his own affidavit to satisfy App.R. 26(B)(2)(d) which requires a "sworn statement of the basis for the claim that appellate counsel's representation was deficient * * *." Street's counsel for the application provided a lengthy, detailed affidavit to support the claim. This affidavit addressed both the deficiency of appellate counsel and the prejudice arising therefrom.[1] However, the cases[2] cited by the state do not stand for the proposition that the applicant himself, rather than his attorney, must submit the required affidavit. Rather, these cases condemn the use of a cursory, conclusory affidavit to support the application. The supporting affidavit in the instant matter is far from cursory. Thus, the state's argument fails.
 {¶ 5} Street's argument that his trial counsel was ineffective for not making timely and relevant objections is unpersuasive. The application does not specify when and which objections should have been made. Without these specifics it is impossible to consider the argument. Furthermore, Street's original appellate counsel raised the same issue as part of a larger ineffective assistance of trial counsel argument. This court rejected that argument, and, thus, res judicata now bars it.
 {¶ 6} Moreover, this court does not find prejudice in Street's argument that it was improper to impose a fine. At sentencing the trial judge suspended payment until Street was out of prison. When he was released, the judge further suspended payment until thirty days after he obtained full-time employment. A review of the docket indicates that he is now paying $100.00 per month toward the fine and costs.
 {¶ 7} However, the state concedes that Street's split sentence was improper: "appellee State of Ohio agrees `the sentencing statute does not allow a trial court to impose both a prison sentence and community control sanctions for the same offense.'" (Pg. 4 of the state's memorandum in opposition.) Accordingly, this court grants Street's application to reopen on this issue and reinstates his appeal. Street's current attorney, Jillian Davis — 0067272, who prepared the application, of 1255 Euclid Avenue, Cleveland, Ohio, 44115, (216) 696-5750 is appointed to continue to represent Sylance Street. In Hayes andKrowiak this court declined to modify the sentence. Rather, this court vacated the sentence and remanded the matter for resentencing. This court follows those decisions. Sylance Street's sentence is vacated and remanded for resentencing consistent with this opinion.
 {¶ 8} This cause is reinstated to the docket of this court and then the sentence is vacated and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27, of the Rules of Appellate Procedure.
Dyke, P.J. concurs.
 Calabrese, Jr., J., concurs.
[1] In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990),497 U.S. 1011, 110 S.Ct. 3258.
[2] State v. Franklin, Ohio St.3d 372, 1995-Ohio-25,650 N.E.2d 449; State v. Lechner, 72 Ohio St.3d 374, 1995-Ohio-8;650 N.E.2d 447; and State v. Parker (June 22, 1998), Cuyahoga App. No. 71260.