DECISION AND JUDGMENT ENTRY
{¶ 1} Charles Abrams ("Appellant") appeals his conviction in the Scioto County Court of Common Pleas for felonious assault with a firearm specification. Appellant contends that the trial court committed prejudicial error in refusing to instruct the jury on the lesser included offense of negligent assault. Because we find that the evidence before the trial court did not reasonably permit both an acquittal on felonious assault and a conviction on negligent assault, we affirm the judgment of the trial court.
 {¶ 2} The incident resulting in Appellant's conviction took place on January 18, 2005. Appellant was moving into his niece's home at 3036 Gallia Street in Portsmouth. Appellant's brother had been involved in an altercation with William Price, who resided at 3006 Gallia Street, earlier that day. Testimony regarding what happened to initiate the altercation between Appellant and Mr. Price was conflicting. However, it appears that Appellant pulled up in his vehicle in front of Mr. Price's residence and continued to move back and forth until he finally parked directly in front of Mr. Price's apartment. Mr. Price exited his apartment and approached Appellant with repeated instructions that Appellant leave the premises. After Mr. Price confronted Appellant, Appellant reached up in his vehicle to his sun visor to retrieve his loaded pistol. Appellant intentionally flashed his gun out the window of his vehicle, intending to scare Mr. Price. Appellant asserts that he mishandled the gun when his hand hit the vehicle's mirror, causing the gunshot to go off. The State contends that Appellant purposely shot the gun. As a result, Mr. Price was shot in the arm. Appellant fled the scene and was subsequently arrested in Lawrence County, Ohio.
 {¶ 3} On March 14, 2005, Appellant was indicted by the Scioto County Grand Jury on a charge of felonious assault with a firearm specification, a second-degree felony. A jury trial commenced on August 1, 2005, in the Scioto County Court of Common Pleas. At the conclusion of the presentation of physical evidence and testimony of witnesses, the jury was instructed with regard to the felonious assault charge. The jury was not provided an instruction on negligent assault, despite the request of Appellant's counsel. Appellant was convicted of felonious assault with a firearm specification, in violation of R.C. 2903.11(A)(2),2941.145, and 2929.14(D)(1)(a)(ii). He was sentenced to four years, with an additional term of three years to be served consecutively, in the Ohio Department of Rehabilitation and Corrections, for a total prison term of seven years. It is from this decision that Appellant appeals, asserting the following assignment of error:
 {¶ 4} I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN REFUSING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF NEGLIGENT ASSAULT.
 {¶ 5} We note initially that the decision of a trial court to give or refuse to give a particular jury instruction is governed by an abuse of discretion standard of review. See State v.Wolons (1989), 44 Ohio St.3d 64, 68, 541 N.E.2d 443. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. State v.Craig, Gallia App. No. 01CA8, 2002-Ohio-1433, at ¶ 10.
 {¶ 6} After arguments are completed, a trial court must fully and completely give the jury all instructions that are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder. State v. Tomaino (1999),135 Ohio App.3d 309, 315, 733 N.E.2d 1191, citing State v. Comen (1990),50 Ohio St.3d 206, 553 N.E.2d 640. The jury instructions at issue in this case involve the crimes of felonious assault and negligent assault. Appellant claims that the trial court should have provided the jury with an instruction on negligent assault in addition to the instruction provided on felonious assault.
 {¶ 7} In order to determine whether an offense is a lesser included offense of another, the three prong test set forth inState v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, must be applied. Under this test, an offense may be a lesser included offense of another if: (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed with the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. Id. at paragraph 3 of the syllabus. Even though an offense may be statutorily defined as a lesser included offense of another, an instruction on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. State v. Hill
(June 15, 2001), Lake App. No. 2000-L-021, 2001 WL 687450, citingState v. Thomas (1988), 40 Ohio St.3d 213, 216, 533 N.E.2d 286.
 {¶ 8} Negligent assault carries a lesser penalty than felonious assault, which cannot be committed without also committing negligent assault. The only difference is in the culpable mental state required for each offense. Felonious assault requires that the person who causes serious physical harm to another must do so knowingly. R.C. 2901.22(B), which covers culpable mental states, states:
"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 9} On the other hand, negligent assault occurs when physical harm results from the defendant's having acted in a negligent manner. "Negligently" acting is defined in R.C.2901.22(D), which provides:
"A person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist."
 {¶ 10} An instruction on negligent assault as a lesser included offense of felonious assault is required only when the evidence before the court reasonably permits both an acquittal on felonious assault and a conviction on negligent assault. SeeHill, supra, and Thomas, supra. After our review of the record, we do not find an instruction on negligent assault was required below.
 {¶ 11} This is because there is sufficient evidence from which the jury could have convicted Appellant of felonious assault. Appellant's act caused serious physical harm to another, and there is evidence from which a jury could find that Appellant committed the act knowingly. A defendant is responsible for the natural and probable consequences of his acts, and one is presumed to intend the necessary and natural consequences of those acts. State v. Bradley (1971), 26 Ohio App.2d 229, 232,270 N.E.2d 654. Appellant's intent to cause physical harm is inferred from him shooting the gun in the victim's direction or at the victim. See State v. Phillips (1991),75 Ohio App.3d 785, 792, 600 N.E.2d 825. Appellant testified that he knew that it was dangerous to point the gun out of the vehicle window where there were people walking. He further testifies that although he was aware of the danger, he pointed the gun at the victim with his finger on the trigger. Additionally, the firearm utilized in the crime was a Calwestco model Jennings J22, a .22 caliber semi-automatic pistol that was in proper working condition. According to the testimony below, such a weapon requires eight and three quarter pounds of pressure or force for it to discharge. This uncontested evidence makes it highly impracticable that the weapon accidentally discharged. Therefore, because the evidence below does not reasonably permit an acquittal on the offense of felonious assault, an instruction on negligent assault as a lesser included offense would have been improper under the rule enunciated in Thomas, supra.
 {¶ 12} Having found that there was not sufficient evidence to reasonably permit both an acquittal on felonious assault and a conviction on negligent assault, we find that the trial court did not abuse its discretion in denying a jury instruction on negligent assault. Accordingly, we affirm its judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Kline, J.: Concur in Judgment Only.