JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Aaron Bloodworth ("defendant"), challenges his conviction for possession of drugs as being based on insufficient evidence. For the reasons that follow, we affirm.
 {¶ 2} The State indicted defendant on one count of possession of drugs in violation of 2925.11 and alleging the date of the offense as being February 5, 2005.
The State presented the testimony of a CHMA officer who stated as follows: CMHA officers responded to a domestic dispute at defendant's residence located in a high-rise on East 55th Street. The officer heard male voices arguing and knocked on the door. Defendant answered and explained he wanted a man named James Redmond to leave his home. Officers accompanied Redmond to the bedroom to retrieve his coat and observed two foil crack pipes in plain view on the dresser. There was an odor of crack cocaine in the apartment. Both defendant and Redmond denied any knowledge of the foil pipes. Defendant acknowledged that it was his bedroom. The officer issued a citation for violation of state drug law ("VSDL").
 {¶ 3} Defendant testified in his defense as follows: On the evening of February 4, 2005, defendant had invited his coworker, Redmond, and two women to his apartment to socialize. According to defendant, he required Redmond and one of the woman to smoke in his bedroom because defendant has asthma and wanted to avoid exposure to the smoke.
 {¶ 4} Redmond stayed at defendant's apartment after the women left for the night. Defendant went to bed and around midnight, Redmond came in "acting real crazy" — emptying the night stand drawers on top of defendant and dragging him out of his bed. The men began to argue in the hallway and a security officer heard the commotion. CMHA security officers intervened and ultimately confronted defendant with foil crack pipes. Defendant denied any knowledge of them.
 {¶ 5} Defendant was found guilty and appeals his conviction by asserting the following sole assignment of error:
 {¶ 6} "I. Appellant was deprived of his liberty without due process of law, where the trial court found him guilty of possessing cocaine where the evidence failed to prove that he committed the offense beyond a reasonable doubt."
 {¶ 7} Crim. R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution.State v. Dennis (1997), 79 Ohio St. 3d 421, 430.
 {¶ 8} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 9} Here, defendant was charged with possession of cocaine. The offense of possession is defined by R.C. 2925.11(A), which provides that "no person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 10} Defendant first contends that the evidence is lacking as to the element of possession.
 {¶ 11} Possession of an item can exist without physical contact so long as a person has dominion and control over it. Such dominion and control without physical custody has been termed "constructive," as opposed to actual possession. State v. Bradley (1971),26 Ohio App.2d 229, 232.
 {¶ 12} Defendant testified that he owned the apartment, that it was his bedroom and dresser where the foil pipes were found, and that he was sleeping in that bedroom that evening. The CMHA officer testified that he immediately saw the foil crack pipes in plain view when he entered the bedroom and that the apartment smelled of crack cocaine.
 {¶ 13} When this evidence is viewed in the light most favorable to the State, a reasonable jury could find that defendant had constructive possession of the foil that contained the cocaine residue.
 {¶ 14} Defendant next contends that the State did not prove the drugs were readily usable. Defendant stipulated that the foils tested positive for cocaine, a schedule II drug, in an amount less than five grams. The CMHA officer's testimony established that defendant's apartment smelled of crack cocaine and that the foil pipes had burn marks on them.
 {¶ 15} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, PRESIDING JUDGE
SEAN C. GALLAGHER, J., and MICHAEL J. CORRIGAN, J.*, CONCUR
* (Sitting by Assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.)