JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Richard Boyd ("appellant"), appeals his conviction for attempted drug possession. For the reasons set forth below, we affirm.
 {¶ 2} On February 12, 2008, the Cuyahoga County Grand Jury indicted appellant on one count of drug possession in violation of R.C. 2925.11(A). Appellant pled not guilty to the charge.
 {¶ 3} On June 17, 2008, after waiving his right to a jury trial, the case proceeded to a bench trial. At trial, the facts established that during the early morning hours of January 27, 2008, Officer Herman Dotson and Officer Felton Mathis responded to a call at a Day's Inn for a robbery on Euclid Avenue. Upon arrival, appellant informed the officers that he had spent the preceding several days with a woman he met at the hotel, Laquita Outlaw, and that she stayed with him in the hotel room. The night before, however, appellant and Ms. Outlaw argued and the security guard escorted her from the room per appellant's request. Nevertheless, while appellant slept, Ms. Outlaw re-entered the room with a key appellant had given her and stole a large sum of money, clothing, shoes and jewelry.
 {¶ 4} While investigating the crime, the police saw empty bottles of wine and beer, shoe boxes, and jewelry boxes. Also, in plain view on the table in the hotel room, the police noticed a cookie tin containing a crack pipe with residue and multiple tear-off plastic baggies. The room was listed under appellant's name. Also, during the police investigation of the matter, appellant was the only individual in the *Page 4 
room. Officer Mathis further testified that "[Appellant] stated that everything in the room was his." As a result, the police arrested appellant for possession of crack cocaine. Residue from the pipe later tested positive for cocaine.
 {¶ 5} Appellant, a.k.a. Dingiswayo Rahman, maintained that the crack pipe belonged to Ms. Outlaw, that he did not smoke any of the drugs, and that he did not know Ms. Outlaw was smoking crack cocaine in his hotel room. Appellant, however, admitted to touching the pipe. He testified that he first saw the pipe hidden by the jacuzzi and moved it to the table. Finally, he contended that he pointed the pipe out to the police and handed them the drug paraphernalia.
 {¶ 6} Appellant moved the court for acquittal pursuant to Crim. R. 29(A) after presentation of both the state's and his case. The trial court, however, denied both requests.
 {¶ 7} On June 25, 2008, after considering all the evidence presented at trial, the court found appellant guilty of the lesser included offense of attempted drug possession in violation of R.C. 2923.02 and2925.11, a first-degree misdemeanor, and sentenced appellant to a jail term of six months, five months of which was suspended, one year probation, and a fine in the amount of $500. Appellant now appeals and asserts one assignment of error for our review. Appellants' first assignment of error states:
 {¶ 8} "The trial court erred in denying appellant's motion for acquittal where evidence is not sufficient to support conviction."
 {¶ 9} Within this assignment of error, appellant argues that he was not in *Page 5 
possession of cocaine and that his mere presence in the room was not indicative of ownership of the illegal substance. For the following reasons, we find appellant's argument without merit.
 {¶ 10} Crim. R. 29(A), which governs motions for acquittal, states:
 {¶ 11} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 12} Furthermore, in reviewing the sufficiency of the evidence, we held:
 {¶ 13} "A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. In reviewing for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The motion `should be granted only where reasonable minds could not fail to find reasonable doubt.'" State v. McDuffie, Cuyahoga App. No. 88662, 2007-Ohio-3421, quoting State v. Apanovich
(1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394. (Internal citations omitted.)
 {¶ 14} Appellant was convicted of attempted drug possession in violation of R.C. 2923.02 and 2925.11(A). R.C. 2923.02, the statute governing attempt, *Page 6 
provides that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." An offender is guilty of drug possession when he or she "knowingly obtain[s], possess[es], or use[s] a controlled substance." R.C. 2925.11(A). Possession is defined in R.C. 2925.01(K) as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 15} Ohio law has established that possession of a controlled substance can be either actual or constructive. State v. Kobi (1997),122 Ohio App.3d 160, 174, 701 N.E.2d 420. Constructive possession occurs when a defendant has the ability to exercise dominion and control over contraband. State v. Bradley (1971), 26 Ohio App.2d 229, 232,270 N.E.2d 654. A defendant need not have ownership of the contraband to be found to have had constructive possession. State v. Street, Cuyahoga App. No. 85020, 2005-Ohio-1976.
 {¶ 16} It is clear that the state established that the appellant attempted constructive possession of a controlled substance. First, the crack pipe and baggies were sitting in an open cookie tin in plain view on a table. Appellant was the only person inside the hotel room at the time of the search. He further admitted that he purchased the room and that it was listed under his name. Additionally, appellant testified that Ms. Outlaw was his guest in the hotel room for several days and that he had the ability to remove her from the room. Finally, he admitted that he moved the *Page 7 
crack pipe from the jacuzzi area to the table.
 {¶ 17} Considering the foregoing evidence, we believe the state has established that, since appellant had control over the area and his guest, Ms. Outlaw, he had the ability to exercise dominion and control over the illegal contraband. Accordingly, based on the foregoing evidence, we find the state established attempted constructive possession of the illegal substance and that appellant's conviction was supported by sufficient evidence. His sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
MARY J. BOYLE, J., and JAMES J. SWEENEY, J., CONCUR. *Page 1