JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Albert Roark ("appellant") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} Appellant argues that the trial court erred in not granting his application for a nunc pro tunc order. We find no error on the part of the trial court.
 {¶ 3} On November 12, 1998, appellant was indicted by the Cuyahoga County Grand Jury on three counts of felonious assault in violation of R.C. 2903.11. Appellant was subsequently assigned counsel from the Cuyahoga County Public Defender's Office. After several pretrial conferences, appellant and the state reached a plea agreement whereby appellant would plead guilty to one count of felonious assault and the other two counts of the indictment would be dismissed. On July 21, 1999, after being advised of the constitutional rights he was waiving, appellant pled guilty to one count of felonious assault.
 {¶ 4} The trial court scheduled appellant's sentencing hearing for August 17, 1999. Prior to sentencing, appellant discussed his case with new counsel and decided to withdraw his guilty plea and proceed to trial. On August 10, 1999, appellant filed a motion to vacate his plea, asserting that when he agreed to the plea it was agreed that all pleas of guilty were entered on the basis that the charge pled to was probationable and that [appellant] had a good chance for probation. On August 12, 1999, the trial court denied appellant's motion without a hearing. Appellant appealed, and this court reversed, holding that the trial court abused its discretion in denying appellant's presentence motion to vacate his guilty plea without conducting a hearing to determine whether there was a reasonable and legitimate basis for appellant to withdraw his plea. We remanded the case for a hearing regarding appellant's motion.
 {¶ 5} On January 17, 2001, the trial court held a hearing regarding appellant's motion. Appellant's former defense counsel testified that he negotiated the plea agreement with the prosecutor. He testified further that he told appellant before he entered into the plea that he had a chance of getting probation, but that the judge was not going to promise anything. The trial court denied appellant's motion to withdraw his plea. Appellant timely appealed, raising two assignments of error. The trial court's actions were affirmed.
 {¶ 6} Thereafter, two and a half years later, on June 7, 2004, appellant filed an application for a nunc pro tunc order. In his application appellant asked the trial court to vacate the fine imposed as part of his sentence. The trial court denied appellant's application for a nunc pro tunc order in its June 18, 2004 journal entry. From this order, appellant now appeals, raising one assignment of error.
 II. {¶ 7} Appellant's assignment of error states the following: "The trial court erred when dismissing and denying appellant's application for nunc-pro-tunc order, where trial court made the sentence more harsh at resentencing [than] it was at original sentencing in violation of due process of law prejudicial to appellant."
 {¶ 8} The doctrine of res judicata involves both claim preclusion, which historically has been called estoppel by judgment, and issue preclusion, which traditionally has been referred to as collateral estoppel. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381. Under the claim preclusion branch of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. See, also, Black's Law Dictionary (6 Ed. 1990) 1305 (defining res judicata as a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action"). Issue preclusion, or collateral estoppel, precludes relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action."Krahn v. Kinney (1989), 43 Ohio St.3d 103, 107.
 {¶ 9} In Grava, the court stated that the doctrine of res judicata bars not only subsequent actions involving the same legal theory of recovery as the previous action, but also claims which could have been litigated in the previous action:
" * * * `It has long been the law of Ohio that "an existing finaljudgment or decree between the parties to litigation is conclusive as toall claims which were or might have been litigated in a first lawsuit'"(quoting Rogers v. Whitehall [1986], 25 Ohio St.3d 67, 69)."
 {¶ 10} Further, the court held:
"[t]he doctrine of res judicata requires a plaintiff to present everyground for relief in the first action, or be forever barred fromasserting it."
 {¶ 11} Id.; Grava at 382, quoting Natl. Amusements, Inc. v.Springdale (1990), 53 Ohio St.3d 60, 62.
 {¶ 12} Res judicata prevents consideration regarding appellant's fine, here and now, in appellant's third appeal. Appellant's claim that the trial court erred in its imposition of a fine was not previously raised when appellant appealed the denial of the motion to vacate. Statev. Roark, Cuyahoga App. No. 79203, 2001-Ohio-5396 ("Roark II," appellant's second appeal. In appellant's first appeal, State v. Roark,
Cuyahoga App. No. 76878, 2000-Ohio-4180, "Roark I," this court held that the trial court should have held a hearing on the motion to vacate the plea. In Roark II, this court affirmed the denial of the motion to vacate after the trial court complied and held a hearing.)
 {¶ 13} At the time of appellant's appeal in Roark II, appellant had already received his sentence including the fine, albeit suspended. Appellant could have raised an issue with the court regarding his fine in his previous appeal. Although appellant had the opportunity to object to the court's actions regarding possible restitution, he failed to do so. Appellant is therefore precluded from now raising this issue on appeal inRoark III.
 {¶ 14} Assuming arguendo that appellant is not precluded from raising this issue on appeal, it still lacks merit. Ohio law does not prohibit a court from imposing a fine on an indigent defendant. A review of the current sentencing statutes demonstrates that except for violations "of any provisions of Chapter 2925., 3719., or 4729. of the Revised Code," a sentencing court is no longer barred by statute from imposing a fine upon an indigent person. See R.C. 2929.18(B)(1);[1] State v. Gipson (1988),80 Ohio St.3d 626.
 {¶ 15} Instead, the current statute simply requires the sentencing court to "consider the offender's ability to pay." R.C. 2929.19(B(6). Additionally, it is worth noting that the current sentencing statutes provide courts an avenue to relieve an indigent person of his or her obligation to pay a fine after the person has served his or her sentence. R.C. 2929.18(G) states:
"(G) If a court that imposes a financial sanction under division (A) or(B) of this section finds that an offender satisfactorily has completedall other sanctions imposed upon the offender and that all restitutionthat has been ordered has been paid as ordered, the court may suspend anyfinancial sanctions imposed pursuant to this section or section 2929.32of the Revised Code that have not been paid."
(Emphasis added.)
 {¶ 16} Accordingly, appellant may find another avenue of relief at some future date.
 {¶ 17} Appellant's assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., Concurs; Dyke, P.J., Concurs in judgment only.
[1] "(B)(1) For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."