The STATE of Ohio, Appellee,

v.

JACOBS, Appellant.

[Cite as *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93768.

Decided Aug. 26, 2010.

Robert L. Tobik, Chief Public Defender, and Cullen Sweeney, Assistant Public Defender, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Andrew J. Nichol, Assistant Prosecuting Attorney, for appellee.

CHRISTINE T. McMONAGLE, Presiding Judge.

{¶ 1} Only a short time after he was released from prison for a similar offense, defendant-appellant, Robin J. Jacobs, was charged by information with one count of menacing by stalking, in violation of R.C. 2903.211, relating to an incident that occurred at Beachwood Mall in Beachwood, Ohio. The offense was a felony of the fourth degree because Jacobs had a prior conviction for menacing by stalking.

{¶ 2} The court declared Jacobs indigent and appointed counsel. Jacobs subsequently waived his right to an indictment and pleaded guilty to the single count of menacing by stalking with the prior conviction specification in an information. His case was referred for a mitigation report from the court psychiatric clinic and a presentence investigation report from the probation department.

{¶ 3} At the sentencing hearing, the court imposed a 17–month prison sentence, followed by five years of community-control sanctions to begin after Jacobs completed his prison sentence. The trial court also imposed a $5,000 fine and a "lifetime ban of Beachwood Mall."

I

{¶ 4} Jacobs first contends that the trial court erred in imposing both prison and community-control sanctions on the single offense of menacing by stalking. The state concedes the error.

{¶ 5} This court has previously held that the sentencing statute does not allow a trial court to impose both a prison sentence and community control for the same offense. See, e.g., *State v. Street*, 8th Dist. No. 85020, 2006-Ohio-21, 2006 WL 23251, ¶ 7; *State v. Krowiak*, 8th Dist. No. 85499, 2005-Ohio-3391, 2005 WL 1541006, ¶ 4; *State v. Hayes*, 8th Dist. No. 83515, 2004-Ohio-4491, 2004 WL 1903117, ¶ 26–28. "Since 1996, trial courts need to decide which sentence is most appropriate—prison or community control sanctions—and impose whichever option is deemed to be necessary." *State v. Vlad*, 153 Ohio App.3d 74, 2003-Ohio-2930, 790 N.E.2d 1246, ¶ 16.

{¶ 6} Accordingly, we order the trial court to vacate the sentence, and we remand for resentencing.[1]

## II

{¶ 7} Jacobs next contends that the trial court erred in ordering a "lifetime ban of Beachwood Mall." The state also concedes this error.

{¶ 8} Although R.C. 2929.17, regarding nonresidential sanctions, allows the trial court to ban Jacobs from Beachwood Mall, a trial court may not impose any community-control sanction that exceeds five years. R.C. 2929.15(A); see also *State v. Geiger*, 169 Ohio App.3d 374, 2006-Ohio-5642, 862 N.E.2d 914, ¶ 14. Accordingly, the lifetime ban is contrary to law and must be vacated.

{¶ 9} If it is determined upon remand that Jacobs has completed his prison sentence, the trial court has no discretion to order community-control sanctions, including banning Jacobs from Beachwood Mall, and must vacate this part of the sentence (see fn. 1).

## III

{¶ 10} In his third assignment of error, Jacobs argues that the trial court erred in ordering him to pay a $5,000 fine, because he was indigent.

{¶ 11} Ohio law does not prohibit a court from imposing a fine on an indigent defendant. R.C. 2929.18(B)(1); *State v. Gipson* (1998), 80 Ohio St.3d 626, 687 N.E.2d 750; *State v. Ramos*, 8th Dist. No. 92357, 2009-Ohio-3064, 2009 WL 1819495, ¶ 6, citing *State v. Roark*, 8th Dist. No. 84992, 2005-Ohio-1980, 2005 WL 983042. But before imposing a financial sanction on a defendant, a court must consider the offender's present and future ability to pay the amount of the sanction or fine. R.C. 2929.19(B)(6). There are no express factors that must be

---

1. Counsel for the parties advised this court at argument that Jacobs has completed the 17-month prison sentence. If so, upon remand, the trial court must vacate the five years of community control.

taken into consideration nor specific findings that must be made by the court on the record, but there must be some evidence in the record that the trial court considered the defendant's ability to pay. *State v. Cosme,* 8th Dist. No. 90075, 2008-Ohio-2811, 2008 WL 2350869, ¶ 34; *Ramos,* citing *State v. Martin* (2000), 140 Ohio App.3d 326, 338, 747 N.E.2d 318.

{¶ 12} Here, neither the transcript of the sentencing hearing nor the judgment entry indicate that the trial court considered Jacobs's present or future ability to pay the fine. Although the state argues that the presentence investigation ("PSI") report contained information indicating that Jacobs had a job, the trial court made no mention of the PSI at the sentencing hearing or in its journal entry imposing the fine. Accordingly, there is nothing in the record indicating that the court considered the PSI in ordering Jacobs to pay the fine. Because there is no evidence in the record to indicate that the trial court considered Jacobs's present and future ability to pay the fine, we reverse and remand for a determination at resentencing regarding Jacobs's present and future ability to pay the fine.

{¶ 13} Appellant's third assignment of error is sustained.

IV

{¶ 14} Last, Jacobs argues that his counsel was ineffective for not objecting to the $5,000 fine. Our resolution of the third assignment of error renders this argument moot. See App.R. 12(A)(1)(c).

{¶ 15} The judgment is reversed with instructions to the trial court to vacate the sentence; the cause is remanded for resentencing.

Judgment accordingly.

DYKE and JONES, JJ., concur.