[Cite as *State v. Fisher*, 2012-Ohio-6260.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :       Case No.   11CA10

    vs.                                 :

JASON E. FISHER,                        :       DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Timothy Young, Ohio Public Defender, and Melissa M. Prendergast, Ohio Assistant   Public Defender, 250 East Broad Street, Ste. 1400, Columbus, Ohio 43215[1]

COUNSEL FOR APPELLEE:       John L. "Jack" Detty, Jackson County Prosecuting Attorney, 295 Broadway Street, Ste. 100, Jackson, Ohio 45640

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-27-12
ABELE, P.J.

{¶ 1}   This is an appeal from a Jackson County Common Pleas Court judgment of conviction and sentence.   A jury found Jason E. Fisher, defendant below and appellant herein, guilty of unlawful sexual conduct with a minor, in violation of R.C. 2907.04.   Appellant assigns the following errors for review:

_____
[1] Different counsel represented appellant during the trial court proceedings.

FIRST ASSIGNMENT OF ERROR:

"MR. FISHER'S CONVICTION FOR ONE COUNT OF UNLAWFUL SEXUAL CONDUCT WITH A MINOR WAS ENTERED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT CLASSIFIED MR. FISHER AS A TIER II OFFENDER UNDER THE PROVISIONS OF THE ADAM WALSH ACT."

THIRD ASSIGNMENT OF ERROR:

"MR. FISHER DID NOT RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COUNSEL DID NOT OBJECT TO THE TRIAL COURT'S CLASSIFICATION OF MR. FISHER UNDER THE PROVISIONS OF OHIO'S ADAM WALSH ACT, NOR DID COUNSEL OBJECT TO THE IMPOSITION OF COURT COSTS DESPITE THE INDIGENCE OF HIS CLIENT."

{¶ 2} Appellant and C.W. are cousins. On October 15, 2007, they drove to "lovers lane" before visiting the Jackson Motor Inn where they twice engaged in intercourse. C.W. was thirteen years old at the time, and appellant twenty-five. The police stopped the pair after C.W.'s mother apparently reported her daughter missing. Subsequently, the Grand Jury returned an indictment that charged appellant with unlawful sexual conduct with a minor.

{¶ 3} At the jury trial, C.W. testified that she and appellant twice engaged in sexual intercourse and appellant performed oral sex. The victim and her mother both testified that they told appellant that C.W. was thirteen years old at the time. Appellant, however, denied that he and his cousin engaged in intercourse, but did admit that they visited the Jackson Motor Inn where C.W. simultaneously masturbated him and herself. Appellant also testified that (1) C.W.

did not tell him that she was thirteen, and (2) his mother once told him that C.W. was either sixteen or seventeen.   Ashley Fisher, appellant's sister, also testified that she thought C.W. was sixteen years old.

{¶ 4}   After hearing the evidence, the jury returned a guilty verdict.   The trial court sentenced appellant to serve four years in prison and pay court costs.   On August 22, 2011, pursuant to App.R. 5, we granted appellant leave to file a delayed appeal.   Consequently, this appeal is now properly before us.

I

{¶ 5}   In his first assignment of error, appellant asserts that his conviction is against the manifest weight of the evidence.

{¶ 6}   When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider the credibility of witnesses.   State v. Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).   Accord State v. Hunter, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶119.   A reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve.   See State v. DeHass, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.   "'Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility.'" Barberton v. Jenney, 126 Ohio St.3d 5, 2010-Ohio-2420, 929 N.E.2d 1047, ¶20, quoting State v. Konya, 2nd Dist. No. 21434, 2006-Ohio-6312, ¶6, quoting State v. Lawson, 2nd Dist. No. 16288 (Aug. 22, 1997).   Thus, an appellate court should leave the issues of weight and credibility of the

evidence to the fact finder, as long as a rational basis exists in the record for the decision.   State v. Picklesimer, 4th Dist. No. 11CA9, 2012-Ohio-1282, ¶24.   Accord State v. Howard, 4th Dist. No. 07CA2948, 2007-Ohio-6331, ¶16 ("We will not intercede as long as the trier of fact has some factual and rational basis for its determination of credibility and weight.").

**{¶ 7}**   Once the reviewing court finishes its examination, the court may reverse the judgment of conviction only if it appears that the fact-finder, when resolving the conflicts in evidence, "'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"   Thompkins, 78 Ohio St.3d at 387, quoting State v. Martin, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).   If the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence.   E.g., State v. Eley, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978), syllabus.   Thus, "'"[w]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony."'"   State v. Cooper, 170 Ohio App.3d 418, 2007-Ohio-1186, 867 N.E.2d 493, ¶17, quoting State v. Mason, 9th Dist. No. 21397, 2003-Ohio-5785, ¶17, quoting State v. Gilliam, 9th Dist. No. 97CA6757 (Aug. 12, 1998). Instead, a reviewing court should find a conviction against the manifest weight of the evidence only in the "'exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, 78 Ohio St.3d at 387, quoting Martin, 20 Ohio App.3d at 175.   Accord State v. Lindsey, 87 Ohio St.3d 479, 483, 721 N.E.2d 995 (2000).

**{¶ 8}**   R.C. 2907.04(A) forbids anyone eighteen years of age or older from engaging in

sexual conduct with someone (other than his spouse) when the offender knows the other person is thirteen years of age or older, but younger than sixteen.   Sexual conduct includes, inter alia, vaginal intercourse. R.C. 2907.01(A).   C.W. testified she and appellant twice engaged in vaginal intercourse.   Holzer Medical Center nurse Melinda Jordan testified that she examined C.W. on the night in question and that her "vaginal and labia area were very red, irritated and swollen[.]" Ohio Bureau of Criminal Investigation forensic scientist Kristen Slaper testified that vaginal swabs of semen from C.W. were compatible with the DNA profile obtained from appellant's oral swabs.   Also, C.W. and her mother both testified that they told appellant that C.W. was thirteen years old.   This evidence, if believed, is sufficient for a jury to find appellant guilty of unlawful sexual conduct with a minor.

{¶ 9}   Appellant challenges the manifest weight of the evidence rather than its sufficiency.   Specifically, he argues that (1) he did not know C.W.'s true age, and (2) her testimony that she told him her age has an "inherent lack of credibility."   We again note, however, that the weight of the evidence and witness credibility are issues that the trier of fact must determine.   State v. Dye, 82 Ohio St.3d 323, 329, 695 N.E.2d 763 (1998); State v. Williams (1995), 73 Ohio St.3d 153, 165, 652 N.E.2d 721 (1995).   The rationale for this view is that the trier of fact (in this case the jury) is in the best position to view the witnesses and to observe their demeanor, gestures and voice inflections and to use those observations to weigh credibility. Myers v. Garson, 66 Ohio St.3d 610, 615, 614 N.E.2d 742 (1993); Seasons Coal Co. v. Cleveland, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).   Consequently, a jury may choose to believe all, part or none of the witness testimony. *Rogers v. Hill*, 124 Ohio App.3d 468, 470, 706 N.E.2d 438 (4th Dist. 1998); Stewart v. B.F. Goodrich Co., 89 Ohio App.3d 35, 42, 623

N.E.2d 591 (4th Dist. 1993).

{¶ 10} In the case sub judice, although we recognize that C.W. sometimes contradicted even her own testimony and further admitted that she changed her story on several occasions, it is apparent that the trier of fact found her testimony credible and obviously more so than appellant's testimony. Furthermore, even if we accept appellant's argument that C.W.'s testimony lacked credibility, the verdict is nevertheless consistent with the testimony from other witnesses and evidence. C.W.'s mother was emphatic in stating that she made appellant aware of her daughter's true age. Testimony from Melinda Jordan and Kristen Slaper support C.W.'s claim that she and appellant had sexual intercourse on the evening in question. In short, even without C.W.'s testimony, considerable evidence exists to support the verdict against appellant.

{¶ 11} Thus, in light of the foregoing, we cannot find that the verdict is a manifest miscarriage of justice and we hereby overrule appellant's first assignment of error.

II

{¶ 12} In his second assignment of error, appellant asserts that the trial court erred by classifying him a Tier II sex offender. We disagree because in our review of the record, we cannot find any indication that the trial court made such classification. The September 23, 2009 judgment of conviction and sentence makes no mention of it. Indeed, the only part of the record appellant cites to show that he was designated a Tier II offender is the prosecutor's comment during the sentencing hearing. The trial court cannot be said to have erred by making a classification that it did not make. Therefore, even if it was improper to classify appellant as a Tier II sexual offender, we find nothing in the record to indicate that he was so classified.

{¶ 13} For these reasons, we hereby overrule appellant's second assignment of error.[2]

III

{¶ 14} In his third assignment of error, appellant asserts that he received constitutionally ineffective representation from his trial counsel.

{¶ 15} Our analysis begins with the proposition that a criminal defendant has a constitutional right to counsel, and that this right includes the right to effective assistance from trial counsel. McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); In re C.C., 4th Dist. No. 10CA44, 2011-Ohio-1879, at ¶10. To establish ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense and deprived him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); also see State v. Perez, 124 Ohio St.3d 122, 920 N.E.2d 104, 2009–Ohio–6179, at ¶200. To establish prejudice, a defendant must show that a reasonable probability exists that, but for his counsel's alleged error, the result of the trial would have been different. See State v. White, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998); State v. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), at paragraph three of the syllabus. However, both prongs of the Strickland test need not be analyzed if a claim can be resolved under one prong. State v. Madrigal, 87 Ohio St.3d 378, 389,

---

[2] We hasten to add that the precise language of the Court's opinion refers to the "enactment" of S.B. 10 rather than the "effective date." See 2011-Ohio-3374, at syllabus & ¶22. "Enactment" is defined as the "method or process by which a bill in the [l]egislature becomes a law." Black's Law Dictionary (5th Ed. 1979) 472. S.B. 10 was "passed" on June 27, 2007, and then "approved" on June 30, 2007. Thus, June 2007 is the date of "enactment." We mention this because S.B. 10 has different "effective dates (July 2007 and January 2008). See S.B. 10, Sections 3 & 4. At least one court since Williams appears to mistakenly refer to the effective date when it should have referred to date of enactment. See e.g. State v. Knowles, 2nd Dist. No. No. 2011–CA–17, 2012-Ohio-2543, at ¶¶7&9.

721 N.E.2d 52 (2000); also see State v. Saultz, 4th Dist. No. 09CA3133, 2011-Ohio-2018, at ¶19.

{¶ 16} In the case at bar, appellant offers two arguments to support his contention that he received ineffective assistance from trial counsel. First, he argues that trial counsel should have objected to his classification as a Tier II sexual offender. However, as we noted above (1) the trial court made no such classification and, (2) even if it did, appellant committed the crime after enactment of S.B. 10. Thus, the application of that law was not retrospective as to him. Courts have said time and again that trial counsel need not perform a vain act to avoid an ineffective assistance claim. See e.g. State v. Halley, 4th Dist. No. 10CA13, 2012-Ohio-1625, at ¶27; State v. Sowards, 4th Dist. 09CA8, 2011–Ohio–1660, at ¶20; State v. Caldwell, 8th Dist. 80556, 2002–Ohio–4911, at ¶37.

{¶ 17} Appellant also argues that trial counsel was ineffective because he did not challenge the trial court's order that he pay the court costs imposed on him as part of the final judgment. For the following reasons we disagree.

{¶ 18} First, on November 13, 2009, appellant filed his own pro se motion for the relief of court costs. This motion was apparently denied (the court file does not contain any ruling on the motion).[3] We find no indication that counsel's motion would have been more effective. Second, a determination of whether appellant was actually indigent and able to pay costs requires the consideration of both present and future ability to pay. See generally State v. Jacobs, 189 Ohio App.3d 283, 938 N.E.2d 79, 2010–Ohio–4010 at ¶11 (8th Dist.); State v. Doss, 4th Dist. No.

---

[3] The trial court did not rule on this motion. Thus, it is treated as a denial. State v. Sweeney, 8th Dist. No. 97414, 2012-Ohio-3152, at ¶9; State v. Fry, 9th Dist. No. 26121, 2012-Ohio-2602, at ¶6, fn. 1; State v. Sydenstricker, 4th Dist. No. 96CA15, 1996 WL 730501 (Dec. 11, 1996).

09CA20, 2012-Ohio-883, at ¶21.   Appellant was born in 1982.   That means he will be thirty-one years old at the time of his release.   Also, nothing in the record indicates that he has any physical disability to prevent him from working.   A financial disclosure affidavit indicated that prior to his arrest appellant earned $700 a month from employment.   His pro se motion to waive court costs reveals that the total amount of those costs is $489.65, or, in other words, less than one month of income.

{¶ 19}  In Doss, supra at ¶¶19-22, we held that an absence of physical disabilities and a young age at release from prison made it difficult to find a defendant's trial counsel constitutionally ineffective for not requesting a waiver of court costs.   We apply that same holding here.   Appellant will be relatively young when he is released, and we find nothing in the record to indicate that he cannot earn what he earned before his conviction.   For these reasons, we cannot find that trial counsel was constitutionally ineffective for not raising this issue and we overrule appellant's third assignment of error.

{¶ 20}  Having considered all of the errors assigned, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Fisher*, 2012-Ohio-6260.]

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.