[Cite as *State v. Ficklin*, 2013-Ohio-3002.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99191

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CHARLES A. FICKLIN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-562108

**BEFORE:** McCormack, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 11, 2013

**ATTORNEY FOR APPELLANT**

Steven L. Bradley
Marein & Bradley
222 Leader Building
526 Superior Avenue
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Patrick J. Lavelle
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1}   Charles A. Ficklin appeals from a judgment of Cuyahoga County Court of Common Pleas Court that sentenced him to a prison term of six and half years and imposed a mandatory fine of $10,000 for his conviction of drug trafficking and carrying a concealed weapon.   On appeal, he challenges the court's imposition of the mandatory fine.   After a careful consideration of the applicable law and review of the record, we affirm the trial court's judgment.

### Substantive Facts and Procedural History

{¶2} Ficklin pleaded guilty, under a plea agreement, to (1) drug trafficking involving cocaine, a felony of the first degree, with forfeiture specifications and (2) carrying a concealed weapon, a felony of the fourth degree, also with forfeiture specifications.   The parties agreed to six years of prison time for drug trafficking and a consecutive six-month prison term for the offense of carrying a concealed weapon.   The court found him guilty of these offenses and imposed the prison term as agreed to by the parties.

{¶3} The drug trafficking conviction carries a mandatory fine under R.C. 2925.03(D)(1), which, in the case of a defendant convicted of a first-degree felony offense, is a minimum of $10,000 and a maximum of $20,000.   Under the plea, there was no agreement as to the amount of fine to be imposed.

{¶4} After a hearing on this issue, the trial court imposed a fine of $10,000. Ficklin now appeals, assigning one error for our review. He claims the trial court abused its discretion in imposing the fine.

{¶5} As an initial matter, a trial court has broad discretion when imposing financial sanctions upon a defendant, and an appellate court will review the trial court's decision for an abuse of discretion only. *State v. Schneider*, 8th Dist. No. 96953, 2012-Ohio-1740, ¶ 9, citing *State v. Weyand*, 7th Dist. No. 07-CO-40, 2008-Ohio-6360, ¶ 7. An abuse of discretion implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### Statutes Governing Mandatory Fines

{¶6} Several statutes governing the imposition of mandatory fines are pertinent in this case.

{¶7} R.C. 2929.18, which governs financial sanctions in general, provides that a trial court may impose a maximum of $20,000 on a defendant convicted of a first-degree felony. R.C. 2929.18(A)(3). The statute goes on to require the trial court to impose on a defendant convicted of drug offenses of the first, second, or third degree, a mandatory minimum fine of one half of the maximum fine. R.C. 2929.18(B)(1).

{¶8} Furthermore, R.C. 2929.18(B)(1) prescribes the manner in which the court shall proceed in waiving the mandatory fine for an indigent offender. It provides that if an offender "alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the

offender *is an indigent person and is unable to pay* the mandatory fine * * *, the court shall not impose the mandatory fine upon the offender." (Emphasis added.) R.C. 2929.18(B)(1).

{¶9} R.C. 2925.03, the statute that specifically governs drug trafficking offenses, similarly requires the trial court to impose a mandatory fine on a defendant convicted of drug trafficking that is a first-, second-, or third-degree felony. The statute refers to the above-cited R.C. 2929.18(B)(1), stating that "the court shall impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that *the offender is indigent*." (Emphasis added.) R.C. 2925.03(D)(1).

{¶10} Under R.C. 2929.18(B)(1), in order to avoid an imposition of the mandatory fine, the defendant must (1) submit an affidavit of indigency to the court prior to sentencing, and (2) the court must find that "the offender is an indigent person and is unable to pay the mandatory fined." *State v. Gipson*, 80 Ohio St.3d 626, 634, 1998-Ohio-659, 687 N.E.2d 750.

{¶11} The exact meaning of "is an indigent person and is unable to pay" has been interpreted by the Supreme Court of Ohio in *Gipson,* a case also involving a mandatory fine imposed on a defendant convicted of a drug offense. In *Gipson*, the trial court suspended the defendant's jail term, placed him on probation, and imposed a mandatory fine. The trial court imposed the fine despite the defendant's affidavit of indigency alleging a present inability to pay, after it found the defendant to be an able-bodied young

man with some employment potential. The defendant claimed the trial court improperly considered his future ability to pay, arguing it was a defendant's status at the time of sentencing that was determinative of whether a fine should be imposed. The Supreme Court of Ohio disagreed and affirmed the trial court.

{¶12} The Supreme Court of Ohio interpreted R.C. 2929.18(B)(1), which requires a trial court's determination that "the offender is indigent and is unable to pay," and stated the following:

> [F]or purposes * * * 2929.18(B)(1), a trial court's determination whether an offender is indigent and is unable to pay a mandatory fine can (and should) encompass future ability to pay. If the General Assembly had intended otherwise, the statutes would have been written to permit a waiver of the mandatory fines based solely on *a defendant's present state of indigency*, and would not have also required trial courts to consider *the additional question whether the offender is "unable to pay*."

(Emphasis added.) *Id*. at 636.

{¶13} From this analysis, it appears that "indigency" refers to a present financial ability and "is unable to pay" encompasses a future ability to pay as well. In any event, it is clear from the court's analysis that, when determining whether a defendant is "indigent and is unable to pay," the trial court is to consider both present and future ability to pay.

{¶14} Indeed, R.C. 2929.19, the statute governing sentencing hearings in general, actually references, specifically, a future ability to pay. That statute states: "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code [the statute governing financial sanctions] * * *, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(5).

**{¶15}** Consistent with *Gipson*, this court has always required the trial court to consider both a present and future ability to pay the amount of the financial sanction before imposing it. *See Schneider,* 8th Dist. No. 96953, 2012-Ohio-1740, at ¶ 10.

**{¶16}** Also consistent with *Gipson*, 80 Ohio St.3d 626, 687 N.E.2d 750, this court has always interpreted R.C. 2929.18(B)(1) as not precluding a trial court from imposing a fine on an indigent defendant. *Schneider* at ¶ 14; *State v. Brantley*, 8th Dist. No. 94508, 2010-Ohio-5760, ¶ 13; *State v. Ramos*, 8th Dist. No. 92357, 2009-Ohio-3064, ¶ 7; *State v. Roark*, 8th Dist. No. 84992, 2005-Ohio-1980, ¶ 14.

**{¶17}** Finally, we note that, when considering a defendant's ability to pay, "[t]here are no express factors that must be taken into consideration nor specific findings that must be made by the court on the record, but there must be some evidence in the record that the trial court considered the defendant's ability to pay." *Schneider* at ¶ 10, quoting *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 11 (8th Dist).

**{¶18}** Ficklin argues a trial court should only consider a defendant's present ability to pay, i.e., the ability to pay at the time of sentencing. He argues the use of the present tense in R.C. 2929.18(B)(1) — "is an indigent person and *is* unable to pay" — means only the defendant's *present* ability can be considered. He claims there is a distinction between R.C. 2929.18(B)(1), and 2929.19(B)(5), which requires the court to consider "the offender's present and future ability to pay." He claims that, because the drug trafficking statute specifically refers to R.C. 2929.18(B)(1), but not R.C. 2929.19(B)(5), a trial court cannot consider a defendant's *future* ability to pay. He contends the trial court should

have considered only his present ability to pay, and, because he filed an affidavit of indigency alleging a present inability to pay, the trial abused its discretion in imposing the mandatory fine.

{¶19} The alleged contrast between the two statutes is a distinction without a difference. Pursuant to *Gipson*, 80 Ohio St.3d 626, 687 N.E.2d 750, and the case law from this court, the language "is an indigent person and is unable to pay" from R.C. 2929.18(B)(1) encompasses an inquiry into both a defendant's present and future ability to pay. This is exactly what the trial court did in this case.

{¶20} Here, after convicting Ficklin of drug trafficking, a first-degree felony, the court imposed a minimum mandatory fine of $10,000 pursuant to R.C. 2929.18.

{¶21} Ficklin owned six rental properties. He argued at the initial sentencing hearing that the rental properties were all encumbered by substantial mortgages and, as a result, he had no meaningful net worth. The trial court pointed out that the affidavit of indigency he had filed did not address whether the rental properties had equity despite the encumbrances. To allow Ficklin to file additional documents to support his claim of inability to pay, the court continued the hearing.

{¶22} At the subsequent hearing, the state submitted Ficklin's income tax returns for 2009, 2010, and 2011. Ficklin submitted appraisals showing the six rental properties he owned had an aggregate appraised value of $271,000, but they had total outstanding mortgages of $317,000. He also submitted documentation showing he owed Huntington National Bank $121,000 under several lines of credit, bringing his total debt to $170,000.

In addition, he argued that he would have no income for the next six years due to his incarceration.

{¶23} The court noted that Ficklin was making payments toward his debts in the amount of $1,000, as recent as the month before the hearing. The court also remarked that some of the real estate at issue was titled to a family member, who could be holding the title on behalf of Ficklin and receiving rental income. The court in addition pointed out some of the real estate he owned was not under water and an improvement in the market condition could create equity in the properties. The court finally noted that the income stream generated by the rental properties made it hard for Ficklin to be deemed indigent. For these reasons, the court imposed a mandatory fine of $10,000.

{¶24} The record reflects the court properly considered both Ficklin's present and future ability to pay, taking into account the fact he will be incarcerated for the next six years but also the fact that his rental properties would produce an income stream and may produce equity if the market condition improves. Even if, for argument's sake, the trial court could only consider Ficklin's ability to pay at the time of sentencing, the record reflects that the court pointed out that Ficklin was able to make a $1,000 payment toward his debts as recent as the month preceding the sentencing. The trial court was clearly unpersuaded by his claim of a present inability to pay.

{¶25} An offender has the affirmative duty to demonstrate that he or she "is indigent and is unable to pay" the mandatory fine. *Gipson*, 80 Ohio St.3d at 635, 687 N.E.2d 750. Based on our review of the record, we find Ficklin fails to demonstrate he is

"indigent and unable to pay," and therefore, the trial court properly imposed a mandatory fine after finding him guilty of drug trafficking. The assignment of error lacks merit.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR