[Cite as *State v. Masters*, 2016-Ohio-7391.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103022**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TODD MASTERS, II

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED, IN PART; REVERSED, IN PART;
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-590723-A

**BEFORE:** Keough, J., Jones, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 20, 2016

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
700 West St. Clair, Suite 212
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Khalilah Lawson
Frank Zeleznikar
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Todd Masters, II, appeals his sentence. For the reasons that follow, we affirm, in part; reverse, in part; and remand for a limited resentencing.

{¶2} In November 2014, Masters was named in a four-count indictment charging him with attempted murder, two counts of felonious assault, and illegal possession of a firearm in a liquor permit premises. The attempted murder and felonious assault charges contained one- and three-year firearm specifications.

{¶3} Masters pled guilty to one count of felonious assault and the attendant one-year firearm specification, and possessing a firearm in a liquor permit premises. At sentencing, the court imposed a three-year sentence on the felonious assault charge, which was to be served after the mandatory one-year for the firearm specification. For the possession of a firearm in a liquor permit premises, the court ordered that Masters be placed on community control sanctions for three years, with the first six-months to be served in a community-based correctional facility ("CBCF"). The court ordered that Masters's prison term and community control term be served consecutively.

{¶4} Masters now appeals, raising three assignments of error.

I. Consecutive Sentence — R.C. 2929.14 Findings

{¶5} In his first assignment of error, Masters contends that the trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and H.B. 86. Although Masters recognized that the six-month confinement term at CBCF was not a "prison" sentence, he contends that it

was a jail sentence; thus, requiring the appropriate findings under R.C. 2929.14(C)(4).   A similar argument was rejected by this court in *State v. Peterson*, 8th Dist. Cuyahoga No. 102428, 2015-Ohio-4581.

{¶6} R.C. 2929.14(C)(4) authorizes a trial court to order *multiple prison terms* to be served consecutively if the trial court makes certain findings enumerated in the statute. (Emphasis added.)   However, R.C. 2929.14(C)(4) does not apply in the current case because the statute applies only to consecutive "prison terms" for convictions of "multiple offenses."  *See State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874.

{¶7} In this case, Masters was not sentenced to multiple prison terms; rather he was sentenced to a four-year prison term for felonious assault and specification followed by three years of community control sanctions, which included a six-month term at CBCF.  *See State v. Cook*, 8th Dist. Cuyahoga No. 77101, 2000 Ohio App. LEXIS 5712 (Dec. 7, 2000) (recognizing that "[s]erving time in a local 'jail' as part of community control sanctions is not the same as a prison sentence").   Accordingly, the trial court was not required to make the R.C. 2929.14(C)(4) findings.   Moreover, as it will be discussed in Masters's second assignment of error, the imposition of consecutive sentences was in error.   Masters's first assignment of error is overruled.

## II.  Split Sentence

{¶8} In his second assignment of error, Masters contends that the trial court erred in imposing a split sentence, which included both a prison term and community control

sanctions, where the sanctions automatically included additional confinement in CBCF. In support of his assignment of error, Masters cites a series of cases that hold that a trial court cannot impose a prison term consecutive to a period of community control sanctions for the *same offense*. *See State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79 (8th Dist.); *State v. Street*, 8th Dist. Cuyahoga No. 85020, 2006-Ohio-21, *State v. Miller*, 12th Dist. Butler No. CA No. 2010-12-336, 2011-Ohio-3909; *State v. Walton*, 3d Dist. Wyandot Nos. 16-12-13 and 16-12-14, 2013-Ohio-2147.

{¶9} The distinguishing factor between the cases cited above and the case before this court is that the trial court in this case did not impose a split sentence for the same offense; the court imposed a prison sentence on the felonious assault offense and a term of community control sanctions on the possessing a firearm inside a liquor permit premises offense. Masters was sentenced on two separate offenses.

{¶10} However, the court's decision ordering Masters to serve a three-year term of community control sanctions, including the first six months at a CBCF for the firearm possession charge, consecutive to the three-year prison sentence on the felonious assault charge was contrary to law. Recently, this court reviewed this precise situation en banc — whether a term of community control sanctions on one offense can be imposed and ordered to be served consecutively to a prison term on separate offenses. *State v. Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044. In *Anderson*, the en banc majority concluded that because there was "no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of,

a prison or jail term or other sentence of imprisonment, the trial court was without authority to impose the same." *Id*. at ¶ 31.

{¶11} Therefore, following the analysis and reasoning set forth in this court's en banc majority in *Anderson*, we reverse Masters's sentence on the firearm possession charge and remand for resentencing solely on that count. Masters's other conviction for felonious assault, including the firearm specification, is otherwise affirmed.

{¶12} Accordingly, Masters's assignment of error is sustained.

### III. Allied Offenses — Firearm Specification

{¶13} In his third assignment of error, Masters contends that the trial court erred by ordering convictions and a consecutive sentence for separate counts because the trial court failed to make a proper determination as to whether those offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14. Succinctly, Masters argues that the one-year firearm specification under count two is an allied offense of count four, and thus merge for the purposes of sentencing. We disagree.

{¶14} R.C. 2941.25(A) requires the merger of two or more allied offenses of similar import. However, R.C. 2941.25(A) is not applicable to firearm specifications. In *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, the Ohio Supreme Court conclusively stated that a firearm specification is not a criminal offense; rather, it is a sentence enhancement. "We hold that R.C. 2941.145 and 2929.14(D) define a sentence enhancement that attaches to a predicate offense." *Id*. at ¶ 16. "Penalties for a

specification and its predicate offense do no merge under R.C. 2941.25." *Id.*, at paragraph two of the syllabus.

**{¶15}** Accordingly, the firearm specification attendant to the felonious assault count cannot be allied to the possessing a firearm in a liquor permit premises charge. Masters's third assignment of error is overruled.

**{¶16}** Judgment affirmed, in part; reversed, in part; and remanded for the limited purpose of resentencing Masters on Count 4, possession of a firearm in a liquor permit premises.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for a limited resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., A.J., and
EILEEN T. GALLAGHER, J., CONCUR