[Cite as *State v. Amison*, 2017-Ohio-2856.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104728

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# VANCE G. AMISON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## VACATED IN PART; REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-602512-A

**BEFORE:** Keough, A.J., Kilbane, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 18, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By: Paul Kuzmins
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Michael Lisk
      Gregory Ochocki
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

**{¶1}** Defendant-appellant, Vance G. Amison, appeals the trial court's sentence on two counts of tampering with records. Amison contends that the trial court erred in sentencing him on both offenses because the offenses were allied offenses that should have merged for sentencing. The offenses were not allied, and the trial court did not err in not merging them for sentencing. Nevertheless, we vacate the sentence imposed on Count 2 and remand for resentencing on that count.

**{¶2}** Amison was charged in a multicount indictment with six counts of tampering with records. He subsequently entered into a plea agreement whereby he pleaded guilty to Counts 1 and 2 of the indictment, and the state nolled Counts 3, 4, 5, and 6. The trial court sentenced Amison to 18 months in prison on Count 1 and 3 years of community control sanctions on Count 2, to be served concurrently. This appeal followed.

**{¶3}** R.C. 2941.25(A) allows only a single conviction for conduct by a defendant that constitutes "allied offenses of similar import." However, under R.C. 2941.25(B), a defendant charged with multiple offenses may be convicted of all the offenses if (1) the defendant's conduct constitutes offenses of dissimilar import, (2) the conduct demonstrates that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with a separate animus.

**{¶4}** In his single assignment of error, Amison asserts that the trial court erred in sentencing him on Counts 1 and 2 because the offenses were allied offenses of similar import that should have merged for sentencing. Amison did not raise the issue of allied offenses in the trial court and, accordingly, has forfeited all but plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. A forfeited error is not reversible error unless it affected the outcome of the proceedings and reversal is necessary to correct a manifest miscarriage of justice. *Id.*

**{¶5}** In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court held that courts considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25 should focus on the defendant's conduct. *Id.* at ¶ 25. Specifically, courts are to ask three questions: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the three questions will permit separate convictions. *Id.* at ¶ 31.

**{¶6}** Amison was convicted in Count 1 of tampering with records in violation of R.C. 2913.42(A)(1), which provides that "[n]o person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall * * * falsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record." He was convicted in Count 2 of tampering with records in violation of R.C. 2913.42(A)(2), which provides that "[n]o person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the

person is facilitating a fraud, shall * * * utter any writing or record, knowing it to have been tampered with as provided in division (A)(1) of this section."

{¶7} At the sentencing hearing, the prosecutor explained that the offenses occurred when Amison, whose license was suspended, falsified Ohio BMV Form 5736 by using his father's driving information and forging his father's signature, and then used the falsified document to obtain a temporary registration for a 1998 Buick Park Avenue.

{¶8} Amison argues that Counts 1 and 2 were allied offenses because they involved the same conduct: they occurred on the same day, at the same location, and on the same BMV form. Amison's argument is without merit, however.

{¶9} R.C. 2913.42(A)(1) prohibits falsifying a record, while R.C. 2913.42(A)(2) prohibits uttering a document or record. To "utter" a document is to "issue, publish, transfer, use, put or send into circulation, deliver, or display" a document. R.C. 2913.01(H). Thus, R.C. 2913.42(A)(1) prohibits the falsification of a document, while R.C. 2913.42(A)(2) prohibits taking some action with respect to the falsified document.

{¶10} In *State v. Hughley*, 8th Dist. Cuyahoga No. 90323, 2008-Ohio-6146, as in this case, the appellant argued that his uttering and tampering with records convictions were allied offenses that should have merged for sentencing. This court found, however, that a person can falsify a record without uttering the falsified record. Thus, it concluded that the act of *uttering* a falsified document has a separate animus from *falsifying* a record. *Id.* at ¶ 67.

**{¶11}** Amison's convictions for falsifying Ohio BMV Form 5736 in violation of R.C. 2913.42(A)(1) and uttering the same BMV document in violation of R.C. 2913.42(A)(2) were not allied offenses of similar import because, although the offenses occurred on the same day, at the same location, and involved the same BMV form, they were committed with a separate animus. Accordingly, the trial court did not err in not merging the convictions for purposes of sentencing, and the assignment of error is overruled. Nevertheless, we vacate the sentence imposed on the Count 2.

**{¶12}** After oral argument, we ordered the parties to brief the issue of whether the trial court's sentence imposing 18 months in prison on Count 1 concurrent with three years of community control sanctions on Count 2 was a valid sentence. Both parties briefed the issue. Upon review, we conclude that the trial court improperly imposed a split sentence on Count 2, which is prohibited.

**{¶13}** "'Current felony sentencing statutes, contained primarily in R.C. 2929.11 to 2929.19, require trial courts to impose either a prison term or community control sanctions on each count." *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2098, 35 N.E.3d 512, ¶ 13, quoting *State v. Berry*, 3d Dist. Defiance No. 4-12-04, 2012-Ohio-4660, 980 N.E.2d 1087, ¶ 21. "[T]he sentencing statute does not allow a trial court to impose both a prison sentence and community control for the same offense." *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 5 (8th Dist.). Rather, "the trial court must 'decide which sentence is appropriate — prison or community control sanctions — and impose whichever option is deemed to be

necessary.'" *Id.*, quoting *State v. Vlad*, 153 Ohio App.3d 74, 2003-Ohio-2930, 790 N.E.2d 1246, ¶ 16 (7th Dist.).

{¶14} Here, the trial court sentenced Amison to 18 months in prison on Count 1, concurrent with three years of community control on Count 2. Thus, part of the sentence on Count 2 was to be served while Amison was in prison, and part after his release from prison — clearly an impermissible split sentence.

{¶15} This case is nearly identical to *State v. Paige*, 8th Dist. Cuyahoga No. 104109, 2016-Ohio-7615, wherein the trial court sentenced the defendant to 42 months in prison on a sexual battery count, concurrent with five years of community control on a domestic violence count. The trial court ordered that the defendant serve a portion of the community control in prison and then, upon release from prison, he was to be assessed and placed in a community-based correctional facility. This court held that the sentence on the domestic violence count was an impermissible split sentence because, by making the community control sentence longer than that imposed for the sexual battery count, the defendant was sentenced to serve the community control both while in prison and after he was released from prison. Accordingly, this court vacated the defendant's sentence on the domestic violence count. *Id.* at ¶ 10.

{¶16} The same reasoning applies here. By ordering the sentences to be served concurrently, and by making the community control sentence on Count 2 longer than the prison sentence on Count 1, the trial court imposed an improper split sentence on Count 2.

**{¶17}** Accordingly, we vacate Amison's sentence on Count 2, and remand for resentencing on that count only.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA ANN BLACKMON, J., CONCUR