[Cite as *State v. Woods*, 2026-Ohio-351.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 115149 |
| v. | : | |
| OLIVIA WOODS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 5, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-697091-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Makenna Daus, Assistant Prosecuting Attorney, *for appellee.*

Wegman Hessler Valore and Dean M. Valore, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant Olivia Woods appeals her sentence following a jury verdict, finding her guilty of assaulting a peace officer and obstructing official business. Finding that the trial court's sentence imposing a one-year period of

community control and a 30-day jail sentence was not contrary to law, we affirm Woods's sentence.

{¶ 2} In November 2024, the State named Woods in a three-count indictment, charging her with one count each of assaulting of a peace officer, in violation of R.C. 2903.13(A) (Count 1); operating a motor vehicle while under the influence, in violation of R.C. 4511.19(A)(1)(a) (Count 2); and obstructing official business, in violation of R.C. 2921.31(A) (Count 3). During the jury trial, evidence demonstrated that Woods, while being investigated for allegedly driving under the influence, argued with police and kicked one of the officers. The jury found Woods not guilty of Count 2, but guilty of Counts 1 and 3.

{¶ 3} At sentencing in May 2025, the trial court determined that a community-control sanction would adequately protect the public and not demean the seriousness of the offense. Accordingly, the court sentenced Woods on Count 1 to one year of community control with a condition of "30 days in jail as a community residential sanction under [R.C.] 2929.16(A)(2),"and on Count 3, imposed a 30-day jail term, concurrently with the 30-day sentence in Count 2. The court characterized community control in its journal entry as "non-reporting probation."

{¶ 4} Woods now appeals, raising as her sole assignment of error that the trial court imposed a sentence that is contrary to law because the court imposed both community control and a jail sentence. She contends that the court's sentence is an impermissible split sentence, contrary to *State v. Anderson*, 2015-Ohio-2089, in which the Supreme Court of Ohio stated that the sentencing law prohibits a court

from imposing both a prison term and community-control sanctions for a single offense. Woods requests this court to vacate the trial court's imposition of community control, which the trial court determined is "non-reporting probation."

{¶ 5} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1, 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings as required by certain sentencing statutes or the sentence is "otherwise contrary to law."

{¶ 6} Trial courts may only impose sentences authorized by statute. *State v. Paige*, 2018-Ohio-813, ¶ 13. Contrary to Woods's argument, her sentence is not a split sentence and it is authorized by statute. In *Paige*, the Supreme Court of Ohio recognized that "[s]plit sentences are prohibited in Ohio" and that "[g]enerally, pursuant to the felony-sentencing statutes, a court must impose either a *prison term* or a community-control sanction as a sentence for a particular felony offense—a court cannot impose both for a single offense." (Emphasis added.) *Paige* at ¶ 6, citing *Anderson*, at ¶ 31.

{¶ 7} In this case, the court did not impose a prison sentence, but rather a jail sentence, which under the law is not synonymous. R.C. 2929.01(A)(A); *State v. Masters*, 2016-Ohio-7391, ¶ 7 (8th Dist.), citing *State v. Cook*, 2000 Ohio App. LEXIS 5712 *10 (8th Dist. Dec. 7, 2000) (recognizing that "[s]erving time in a local 'jail' as part of community control sanctions is not the same as a prison sentence").

*See also* R.C. 2929.01(E) (defining community-control sanction is not a prison term).

{¶ 8} Under Ohio's felony sentencing framework, community control is a non-prison sentence that may include both residential and nonresidential conditions. R.C. 2929.15(A)(1) permits a trial court to impose one or more sanctions set forth in R.C. 2929.16 through 2929.18 as part of community control. R.C. 2929.16(A)(2) specifically authorizes a trial court to impose "a term of up to six months in a jail" as a community-residential sanction. In this case, the trial court imposed a one-year period of community control with a 30-day jail sentence. This sentence is not a split sentence and is authorized by law. The fact that the trial court ordered a 30-day jail sentence on Court 3 to run concurrently with the 30-day jail sentence in Count 1 does not change the legality of the sentence.

{¶ 9} Woods's argument that the period of community control should be vacated because the only condition the trial court imposed was a 30-day jail sentence is also without merit. The court's judgment entry clearly provides that Woods's 30-day jail sentence was just one condition of community control — "defendant must abide by the rules and regulations of the probation department *in addition to* the following conditions. . . ." (Emphasis added.) The "non-reporting" classification of community control is still "monitored time." *See* R.C. 2929.01(Y) ("'Monitored time' means a period of time during which an offender continues to be under the control of the sentencing court or parole board, subject to no conditions other than leading

a law-abiding life."); R.C. 2929.17(G) (Nonresidential sanctions include "monitored time.")

**{¶ 10}** Based on the foregoing, Woods's assignment of error is overruled.

**{¶ 11}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)